**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ROOBLE ALI ) | |
|         **Plaintiff,** ) | |
| v. ) | Case No.: |
| ) | |
| TRANS LINES, INC., ) | |
| CENTRAL TRUCK LEASING, ) | |
| INC. AND AMTRUST INSURANCE ) | |
| COMPANY OF KANSAS, INC. ) | |
| ) | |
|         **Defendants.** ) | |

**NOTICE OF REMOVAL**

Defendant AmTrust Insurance Company of Kansas, Inc. (hereinafter, "AmTrust"), by and through its attorney of record, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby provides notice of removal of this action from the Circuit Court of Warren County, Missouri to the United States District Court for the Eastern District of Missouri. As grounds for removal, Defendant AmTrust states as follows:

**I.  FACTUAL BACKGROUND**

1. This is a civil action currently pending in the Circuit Court of Warren County, Missouri under the case caption *Rooble Ali vs. Trans Lines, Inc., Central Truck Leasing, LLC and AmTrust Insurance Company of Kansas, Inc.*, Case No. 21BB-CC00004.

2. This lawsuit arises out of claims for personal injuries stemming from a vehicle accident occurring on August 15, 2020. Plaintiff seeks damages for past and future medical expenses, lost income/wages and other compensatory damages in an amount that is fair and reasonable resulting from the amputation his left arm as a result of this accident. In his Petition, Plaintiff asserts claims for negligence based on a joint venture theory against defendants Trans

1

Line, Inc. and Central Truck Leasing, LLC (Count I) and for Uninsured Motorist benefits against defendant AmTrust (Count II).

3.      Other than the Petition, no other state court filing has been served upon Defendant AmTrust as of the date of this Notice of Removal. *See* 28 U.S.C. § 1446(a) (requiring that the removing defendant file copies of all process, pleadings, and orders served upon such defendant).

4.      No further proceedings have been undertaken in the Circuit Court of Warren County, Missouri, as of the date of this Notice of Removal, and no defendants have yet filed a responsive pleading to Plaintiff's Petition.

5.      Pursuant to 28 U.S.C. § 1446(a), and Local Rule 2.03, a copy of the Petition, along with all of the filings in the state court file are attached hereto as **Exhibit A**.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      Defendant AmTrust was served with a Summons and a copy of the Petition on January 21, 2021. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because Defendant AmTrust files this Notice of Removal within 30 days of service.

7.      Written notice of the filing of this Notice of Removal is concurrently being given to all adverse parties. A true and correct copy of this Notice of Removal and Notice of Filing of Notice of Removal is concurrently being filed with the Clerk of the Court of Warren County, Missouri, as required by 28 U.S.C. § 1446(d). A copy of this Notice of Filing of Notice of Removal (without attachments) is attached hereto as **Exhibit B**.

8.      Counsel for defendant AmTrust has been in contact with counsel for defendants Trans Lines, Inc. and Central Truck Leasing, LLC to discuss the removal of this action. Pursuant to 28 U.S.C. § 1446(b)(2), defendants Trans Lines, Inc. and Central Truck Leasing, LLC's counsel joins in and consents to removal to this Court.

9. A defendant has a right of removal where an action is brought in state court over which the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### III. DIVERSITY JURISDICTION: 28 U.S.C. § 1332

10. 28 U.S.C. § 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."

11. Plaintiff is a citizen of the state of Minnesota. *See* Plaintiff's Petition, ¶¶ 1 and 16.

12. Defendant Trans Lines, Inc. "is a foreign corporation organized and existing under the laws of the State of Illinois with their home offices and regular place of doing the trucking business" located in Bolingbrook, Illinois. *See* Plaintiff's Petition, ¶ 2.

13. Defendant Central Truck Leasing, LLC "is a foreign corporation organized and existing under the laws of the State of Illinois with their home offices and regular place of doing their truck rental and leasing business" located in Normal, Illinois. *See* Plaintiff's Petition, ¶ 3.

14. Defendant AmTrust Insurance Company of Kansas, Inc. is a corporation incorporated in Kansas with its principal place of busines in Topeka, Kansas. Recently, defendant AmTrust transferred its state of domicile from Kansas to Delaware.

15. Because Plaintiff is a citizen of Minnesota and Defendants are citizens of Illinois, Kansas and Delaware, this action is between citizens of different states.

16. Furthermore, the amount in controversy exceeds $75,000. While Plaintiff has only alleged judgment against Defendant in an amount in excess of $25,000, given the facts alleged in the Petition, it is facially apparent that Plaintiff is seeking damages well in excess of $75,000. As a result of this accident, Plaintiff alleges injuries to his left arm, which was amputated, and seeks

3

damages, at a minimum, consisting of $100,000 for incurred medical treatment and medications to date, $100,000 for anticipated future medical treatment and medication expenses, $50,000 for a future artificial limb prosthesis implant, $30,000 for past lost income since the date of the accident to the present filing of plaintiff's lawsuit, and $1,000,000 or so for anticipated future lost income and wages due to plaintiff's claimed inability to continuing driving a truck to make a living any longer over the course of his lifetime. *See* Plaintiff's Petition, ¶¶ 15 and 27.

17. The allegations and claimed damages by plaintiff are certain to create an amount in controversy well exceeding the requisite $75,000 jurisdictional amount.

18. If Plaintiff disputes that the amount in controversy in this case is less than $75,000, it is Plaintiff's burden to show to a *legal certainty* that the amount in controversy falls below the $75,000 jurisdictional requirement. See, *Bell v. Hershey Co.*, 557 F.3d 953, at 957 (8th Cir. 2009).[1][2][3]

19. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds $75,000.

---

[1] "In order to ensure that any attempt to remove would have been unsuccessful, Bell could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand; it is too late to do so now. *De Aguilar,* 47 F.3d at 1412 ("[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.") (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam))." *Bell v. Hershey Co.,* 557 F.3d 953, 958 (8th Cir. 2009).

[2] "[t]he jurisdictional fact ... is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are...." *Kopp,* 280 F.3d at 885 (emphasis supplied); *Bell* at 958.

[3] "In making the factual inquiry, it is essential to bear in mind that when dealing with federal jurisdiction, courts are not persuaded by evasion, artful pleading or jurisdictional shell games. *Vail v. Orkin Exterminating Co., Inc.,* 1991 WL 134275 (N.D.Ill.1991) ("the court is troubled by the evasion exhibited by the plaintiff's attorney, who has repeatedly refused to estimate the damages his client has suffered and will suffer in the future."); *Kobaissi v. American Country Insurance Co.,* 80 F.Supp.2d 488, 490 (E.D.Pa.2000)("A plaintiff may not seek to defeat a defendant's statutory right of removal by artful pleading that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in state court."); *Lane v. Champion *994 International Corp.,* 844 F.Supp 724, 732 (S.D.Ala.1994)("It is not [plaintiffs'] prerogative to evade the constitutionally proper subject matter jurisdiction of this court"... by "the jurisdictional shell game which plaintiffs seem to be playing in an effort to avoid federal subject matter jurisdiction.")."

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Eastern District of Missouri is the federal judicial district embracing the Circuit Court of Warren County, Missouri where the State Court Action was originally filed.

WHEREFORE, Defendant AmTrust Insurance Company of Kansas, Inc. hereby gives notice that this action is removed from the Circuit Court of Warren County, Missouri to the United states District Court for the Eastern District of Missouri, and Defendant AmTrust further requests that this Court exercise jurisdiction over this action as though it had been originally instituted in this Court.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ John E. Franke*
JOHN E. FRANKE           #34908
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (Fax)
jfranke@fsmlawfirm.com
**Attorney for Defendant AmTrust**
**Insurance Company of Kansas, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was electronically filed with the Court's ECF system this 19th day of February, 2021, and a copy sent via electronic mail to:

James P. Krupp
Ryan J. Krupp
12813 Flushing Meadows Dr., Ste. 150
St. Louis, MO.  63131
Ph#  (314)835-9999
Fax#  (314)218-3530
James.Krupp@krupplawfirm.com
Ryan.Krupp@krupplawfirm.com
**Attorneys for Plaintiff**


 */s/ John E. Franke*
**Attorney for Defendant AmTrust Insurance Company of Kansas, Inc.**

6