# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **ROOBLE ALI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )　　　**Case No. 4:21CV214 HEA** |
| | ) |
| **TRANS LINES, INC., et al.,** | ) |
| | ) |
| **Defendants,** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Trans Lines, Inc., Central Truck Leasing, LLC, and CIT Trucks, LLC's Amended Motion for Judgment on the Pleadings, [Doc. No. 64]. Plaintiff Rooble Ali has filed an opposition to the Motion. Defendants have filed a reply thereto. For the reasons set forth below, the Defendant's Motion will be denied.

### Facts and Background

Plaintiff initially filed this action in the Circuit Court of Warren County, Missouri. Defendant Amtrust Insurance Company of Kansas, Inc., removed the matter pursuant to the Court's diversity jurisdiction on February 19, 2021. 28 U.S.C. § 1332.

On May 13, 2021, Defendants Trans Lines, Inc. (Trans Lines) and Central Truck Leasing, LLC (CTL) filed a Motion for Judgment on the Pleadings. In

response, Plaintiff filed a Memorandum in Opposition and a Motion for Leave to File First Amended Complaint, which the Court granted.

On June 11, 2021, Plaintiff filed his First Amended Complaint, which alleged product liability claims based on strict liability against CIT Trucks, LLC (CIT) (Count III) and CTL (Count V), and negligence against CIT (Count IV), CTL (Count VI) and Trans Lines (Count VII).

On February 16, 2022, Defendants Trans Lines, CTL, and CIT (collectively, Movants) moved for Judgment on the Pleading under Fed.R.Civ.P. 12(c), arguing Plaintiff fails to sufficiently set forth claims as to Counts III, IV, V, VI and VII.

Plaintiff's FAC alleges, in pertinent part:

Plaintiff was an independent contractor with Trans Lines. Plaintiff would haul goods via road trucks and trailers for Trans Lines on a "daily and weekly basis consistently from approximately March of 2020 through Aug[ust] 15, 2020." Plaintiff initially drove a semi-truck manufactured by International Trucks, but approximately a month after Plaintiff began working with Trans Lines, the initial truck needed repairs. Trans Lines then provided a 2020 Volvo VNL64T semi-truck to Plaintiff, which is the subject of these pleadings. The Volvo semi-truck was owned by CTL and was leased or rented to Trans Lines for "use in its motor carrier operations." CTL is a wholly owned subsidiary of CIT, which initially purchased the Volvo semi-truck and transferred it to CTL.

On August 15, 2020, Plaintiff was operating the Volvo semi-truck and an attached trailer hauling Proctor and Gamble toothpaste products near Edwardsville, Illinois on the way to Costco in Salt Lake City. Plaintiff was operating the Volvo semi-truck on Interstate Highway I-70 near the 192-mile mark in a westerly direction in Warren County, Missouri, where there are two westbound lanes. Plaintiff came upon a vehicle in front of him in the right lane that was traveling slower than normal traffic speed. Plaintiff switched to the left lane to pass the vehicle, and "suddenly and without warning or knowledge to Plaintiff, a vehicle appeared out of the blind spot on the right side . . . which served to surprise and distract Plaintiff." Plaintiff then began to depart the paved lane and drive onto the narrow shoulder on the left side of I-70. During this time, the Volvo semi-truck "failed to provide any warning of the lane/roadway departure, and no safety feature of the vehicle acted to assist Plaintiff to maintain a safe path of travel or return to the roadway surface." As Plaintiff "attempted to correct back to the paved surface," the Volvo semi-truck "entered a clockwise yaw and overturned in a ¼ turn driver's side leading roll on the paved surface of the interstate before skidding and coming to rest along the grass median of westbound I-70." As a result, Plaintiff was "partially ejected through the driver's side window" because of "a lack of an adequate passive restraint system." Plaintiff suffered severe and

permanent injuries from the accident, including the amputation of Plaintiff's left arm near the shoulder.

At the time the Volvo semi-truck was designed, manufactured, selected, purchased, sold, leased/rented, permissively used and/or placed into motor carrier operations, as well as at the time of the subject crash, the Volvo semi-truck was defective and unreasonably dangerous, including lack of crash avoidance technology to prevent or minimize the lane departure, highway departure, resulting yaw and/or rollover of the vehicle; lack of a seat belt pretensioner and/or automatically retracting seat to prevent or minimize occupant excursion; and lack of laminated side window glass and/or rollover/side curtain airbag to prevent or minimize the risks of ejection and injury to the body including extremities.

Plaintiff alleges virtually identical strict liability claims against CIT and CTL (Counts III and V), maintaining that CIT and CTL are strictly liable for Plaintiff's injuries and damages because they "fail[ed] to conform to its obligations and duties imposed in the purchase/sale of vehicles, the bailment of vehicles, and/or in selecting vehicles to be used in bailment," and Plaintiff's injuries and damages were "a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject [Volvo] Semi-Truck." Plaintiff alleges that the Volvo semi-truck was "defective and unreasonably dangerous due

to its lack of reasonable and necessary safety features crashworthiness," and a enumerated a list of the Volvo semi-truck's defects.

Plaintiff alleges virtually identical negligence claims against the Movants(Counts IV, VI, and VII), claiming that they owed a duty to "exercise reasonable care in selecting, purchasing, marketing, renting, leasing and/or supplying reasonably safe trucks so as not to subject users to an unreasonable risk of harm" and "supply trucks that were not defective and/or unreasonably dangerous during a foreseeable collision." Plaintiff alleges that the Movants breached their duties by providing and leasing a defective semi-truck. Plaintiff alleges that "[a]s a direct and proximate result of [Defendants'] negligent acts and omissions," he suffered "severe and permanent personal injuries." Regarding these five counts, the Plaintiff seeks compensatory damages.

## Standard of Review

A motion for judgment on the pleadings is given the same treatment as a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *see also Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The standard to survive a motion to dismiss or a judgment on the pleadings requires that the complaint contain facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This Court accepts facts pleaded by the nonmoving party as true and draws all reasonable inferences from

the pleadings in favor of that party. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). However, pleadings that contain "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The legal conclusions asserted in the complaint are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When deciding a motion for judgment on the pleadings, a district court refrains from considering matters beyond the pleadings, other than certain public records and "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted).

## Discussion

### Strict Liability

CIT and CTL argue that Plaintiff cannot establish, as a matter of law, the necessary strict liability element that the Volvo semi-truck was in a defective and unreasonably dangerous condition for its anticipated use. Furthermore, they argue that the Federal Motor Carrier Safety Administration (FMCSA) does not require Plaintiff's identified safety features, causing Plaintiff's strict liability claims to be preempted by federal law. CIT and CTL argue that Plaintiff cannot establish the strict liability failure to warn claim because the lack of warning was not defective

6

or unreasonably dangerous, and that such deficiency was "open and obvious" as a matter of law. However, if liability could attach, CIT and CTL argue that they are exempt from Plaintiff's strict liability claims under Missouri's innocent seller statute because Defendant Volvo Group North America, LLC, the manufacturer of the semi-truck, is a party to this lawsuit. RSMo § 537.762.[1]

Under Missouri law,[2] the term "products liability claim" means a claim or portion of a claim in which the plaintiff seeks relief in the form of damages on a theory that the defendant is strictly liable for such damages because:

> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
> (2) The product was used in a manner reasonably anticipated; and
> (3) Either or both of the following:
> (a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate

---

[1] CIT and CTL also argue that Plaintiff's recovery against them is barred under the Graves Amendment, which protects the rental and leasing industry from liability based on ownership if "there is not negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)." 49 U.S.C. § 30106.Movants have not shown how the Graves Amendment is relevant to the strict liability counts.

[2] Since this action was brought pursuant to this Court's diversity of citizenship jurisdiction, Missouri State Law applies to the substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001).

warning.

Section 537.760, RSMo.

Plaintiff supports his allegations of strict liability against CIT and CTL with sufficient facts and alleges a plausible claim for relief.  As to the strict liability counts (against CIT (Count III) and CTL (Count V) ) the First Amended Complaint alleges  that the Volvo semi-truck was "defective and unreasonably dangerous due to its lack of reasonable and necessary safety features crashworthiness," and enumerated the following list of the Volvo semi-truck's defects: Lack of crash avoidance technology to prevent or minimize lane departure, highway departure, resulting yaw and/or rollover of the vehicle; lack of a seat belt pretensioner and/or automatically retracting seat to prevent or minimize occupant excursion; lack of laminated side window glass and/or rollover/side curtain airbag to prevent or minimize the risks of ejection and injury to the body including extremities; lack of adequate warnings and/or other proper notice to alert customers and users regarding the hazardous condition presented by the lack of crash avoidance technology and the risks of injury from such hazardous condition; lack of adequate warnings and/or other proper notice to alert customers and users regarding the hazardous condition presented by the lack of an adequate passive restraint system and the risks of injury from such hazardous condition; lack of adequate testing and/or inspection so as to ensure the vehicle was reasonably suited for its intended purpose and provided adequate safety features to prevent or minimize a reasonably

8

foreseeable accident; and lack of adequate testing and/or inspection so as to ensure the vehicle was reasonably suited for its intended purpose and provided adequate safety features to prevent or minimize injuries in a reasonably foreseeable accident.

**<u>Negligence</u>**

The Movantsd argue that no duty exists for lessors to select, lease, equip, or supply a semi-truck with Plaintiff's identified safety features. The FMCSA does not require any of Plaintiff's identified safety features, preempting Plaintiff's negligence claim. Movants claim the deficiency was "open and obvious" and was known or easily discoverable by Plaintiff at the time of the accident. They also argue that there exists no duty to warn Plaintiff or inspect the semi-truck for the lack of Plaintiff's identified safety features.

In his response, Plaintiff argues that genuine issues of material fact exist to whether Moving Defendants owed a duty to Plaintiff to equip, inform, and train Plaintiff for safety devices. Plaintiff also argues that Movants' conclusion that the semi-truck was not defective or unreasonably dangerous attacks merely an element of Plaintiff's claim, not the completeness of Plaintiff's claim adjudicated in this Motion.

The allegations set forth in Plaintiff's First Amended Complaint are sufficient to comply with the requirements to survive a motion for judgment on the pleadings. Plaintiff is not required to prove every claim in his initial pleadings to

survive this motion. While the Movants have cited case law finding duty does not exist as a matter of law because the deficiency was open and obvious, this authority applies to separate factual backgrounds that were fully developed through the discovery process.

**<u>Missouri's Innocent Seller Statute</u>**

Because the First Amended Complaint alleges independent negligence claims against Movants, Plaintiff's claims are not barred by Missouri's Innocent Seller Statute, which is relevant to "a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim…" Section 537.762, RSMo. Here, Plaintiff's allegations are not based solely on status of the Movants in the stream of commerce, but also include independent negligence claims against them. *McMahon v. Robert Bosch Tool Corp.*, No. 18-583, 2018 WL 3036455, at*3 (E.D. Mo. June 19, 2018) (denying motion to dismiss, finding "[t]he innocent seller statute does not apply actions against innocent sellers that include independent negligence claims.")

**<u>Preemption</u>**

Movants also argue that Plaintiff's claim is preempted by federal law due to the lack of requirement by the Department of Transportation (DOT) or the National Highway Traffic Safety Administration (NHTSA) to install collision avoidance systems in semi-trucks. Both Movants and Plaintiff cite the Supreme

Court decision *Geier v. American Honda Motor Co.*, where the Court found a product liability claim regarding driver's side airbags to be preempted by DOT regulation. However, unlike *Geier,* Movants have not identified a particular regulation governing collision avoidance systems. In *Geier*, the disputed regulation was FMVSS 208, which set out a timeline to introduce airbag technology in cars over time and created options for manufacturers that fit within the standard. Movants have not referenced any regulation to analyze state law conflict and federal preemption. Plaintiff's claim is not preempted by federal law. *Williamson v. Mazda Motor of Am., Inc.* 526 U.S. 323 (2011); *Varela v. FCA US LLC*, No. CV-20-0157-PR (Mar. 1, 2022).

## Conclusion

Plaintiff has sufficiently set forth claims. Considering the allegations in the light most favorable to Plaintiff, the nonmoving party, and all reasonable inferences therefrom, judgment on the pleadings is not warranted. As such, the Amended Motion for Judgment on the Pleadings will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Motion for Judgment on the

Pleadings, [Doc. No. 64], is **DENIED**.

Dated this 3rd day of May, 2022.

                      _____

                      HENRY EDWARD AUTREY

                    UNITED STATES DISTRICT JUDGE