UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOBIE ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV214 HEA |
| | ) |
| VOLVO GROUP NORHT AMERICA, LLC, | ) |
| | ) |
| Defendant, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Volvo's Motion for Judgement on the Pleadings as to Count II of Plaintiff's Second Amended Complaint, [Doc. No. 217]. Plaintiff has filed an opposition to the Motion. Defendants have filed a reply thereto. For the reasons set forth below, the Motion is granted.

Count II of Plaintiff's Second Amended Complaint is brought for alleged breach of implied warranties: implied warranties of merchantability, fitness for ordinary purpose and fitness for a particular purpose. Defendant has filed its answer and affirmative defenses to this Count and now moves for judgment on the pleadings.

**Standard of Review**

1

A motion for judgment on the pleadings is given the same treatment as a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *see also Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

The applicable standard to survive a motion to dismiss or a judgment on the pleadings requires that the complaint contain facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This Court accepts facts pleaded by the nonmoving party as true and draws all reasonable inferences from the pleadings in favor of that party. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). However, pleadings that contain "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The legal conclusions asserted in the complaint are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When deciding a motion for judgment on the pleadings, a district court refrains from considering matters beyond the pleadings, other than certain public records and "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted).

**Discussion**

A Rule 12(c) motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As with Rule 12(b)(6) motions, "courts are not strictly limited to the four corners of complaints," when deciding Rule 12(c) motions but may consider other matters, including "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[ ] without converting the motion into one for summary judgment." *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quotations

3

omitted); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526–27 (8th Cir. 2017) (explaining that consideration of matters outside the pleadings or evidence in opposition to the pleadings generally converts a Rule 12(b)(6) motion into one for summary judgment). When a contract is the basis of the dispute, that contract is "necessarily embraced" by the pleadings and may be considered. *Zean*, 858 F.3d at 526–27.

Here, Defendant Volvo relies on documents attached to its answer and affirmative defenses, which may appropriately be considered by the Court in analyzing the Motion. *See, Fiecke-Stifter v. MidCountry Bank*, No. 22-CV-3056 (ECT/DTS), 2023 WL 5844758, at *3–4 (D. Minn. Sept. 11, 2023.

Defendant argues that judgment should be entered in its favor because Plaintiff does not fall within the categories of persons able to bring a breach of implied warranty claim under North Carolina law.

Generally, a plaintiff must have contractual privity with a defendant to bring a breach of warranty claim. *Atl. Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N.C., Inc.*, 175 N.C. App. 339, 345, 623 S.E.2d 334 (2006); *Crews v. W.A. Brown & Son, Inc.*, 106 N.C. App. 324, 332, 416 S.E.2d 924 (1992); *Terry v. Double Cola Bottling Co.*, 263 N.C. 1, 2, 138 S.E.2d 753 (1964); *Thomason v. Ballard and Ballard Co.*, 208 N.C. 1, 4, 179 S.E. 30 (1935). However, North Carolina's version of the Uniform Commercial Code removes the privity requirement in personal

4

injury cases for express or implied warranties where the injured party is a "natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods." N.C. Gen. Stat. Ann. § 25–2–318.

Section 99B-2(b) provides this exception:

> A claimant who is a buyer, as defined in the Uniform Commercial Code, of the product involved, or who is a member or a guest of a member of the family of the buyer, a guest of the buyer, or an employee of the buyer may bring a product liability action directly against the manufacturer of the product involved for breach of implied warranty; and the lack of privity of contract shall not be grounds for the dismissal of such action.

N.C. Gen. Stat. § 99B-2(b).

In other words, when the buyer is in privity of contract with the seller, any express or implied warranties made to the buyer inure to the benefit of the buyer's family or household guests.

Another statutory exception, under the North Carolina Products Liability Act, removes the privity requirement for "a buyer, as defined in the Uniform Commercial Code, of the product involved" where the buyer brings "a product liability action directly against the manufacturer of the product involved for breach of implied warranty." N.C. Gen. Stat. Ann. § 99B–2. Thus, a buyer who is not in privity with the manufacturer can bring a breach of implied warranty claim, notwithstanding the lack of privity. Under North Carolina's Uniform Commercial Code, a buyer is "a person who buys or contracts to buy goods." N.C. Gen. Stat. §

5

25-2-103(1)(a). "Goods" include "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." *Id.* § 25-2. *Johnson v. Smith & Nephew, Inc.*, 621 F. Supp. 3d 593, 598 (W.D.N.C. 2022).

Applying the law to the facts at hand, Plaintiff's warranty claims should be dismissed. He does not claim he was the buyer of the truck and none of the statutory exceptions apply. The pleadings establish that Volvo sold the truck to CIT trucks, LLC.  The truck was subsequently owned by Central Truck Leasing, which in turn leased the truck to Trans Lines, Inc, which leased rented, or otherwise provided the truck to Plaintiff.

Plaintiff is neither the buyer of the truck, nor "in the family or household of his buyer or ... a guest in his home" as required by N.C.G.S. § 25-2-318. As such, he has no breach of implied warranty claims against Volvo.

## Conclusion

Plaintiff's Count II of the Second Amended Complaint for breach of implied warranties fails because he has not alleged he is the buyer of Volvo's truck or that he is a member of the buyer's family, or guest of the buyer. As such, under North Carolina law, Plaintiff cannot maintain a breach of implied warranty claim, and judgment as a matter of law is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Volvo's Motion for Judgement on the Pleadings as to Count II of Plaintiff's Second Amended Complaint, [Doc. No. 217], is **GRANTED**.

Dated this 27th day of September 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE