UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOBIE ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV214 HEA |
| | ) |
| TRANS LINES, INC., et al., | ) |
| | ) |
| Defendants, | ) |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Renewed Motions to Exclude Plaintiff's Experts, [Doc. No.'s 229-Dale Berry; 231-Paul Lewis; 233-Dr. Stan Smith; 235-Dr. Stephen Batzer]. For the reasons set out below, the Motions are granted or denied as set out below.

### **Facts and Background**

This case was brought as a result of Plaintiff operating a Volvo VNL semi-tractor that overturned one quarter turn on the driver's side. According to Plaintiff's Amended Complaint, during the rollover, the driver's side mirror broke out the side window, Plaintiff's left arm was ejected and pinned beneath the cab of the truck. As a result, Plaintiff's left arm was amputated near the shoulder.

Plaintiff alleges Defendant Volvo Group North America, LLC, the sole remaining defendant, is liable for his injuries based on theories of strict product liability and negligence.

The Court has previously held North Carolina law is applicable to this case. Defendant moves to exclude Plaintiff's experts pursuant to Rule 702 of the Federal Rules of Evidence.

## Discussion

The Court will consider each of the motions to exclude experts in turn. However, the Court will first summarize the standards for admission or exclusion of opinion testimony pursuant to Federal Rule of Evidence 702 and *Daubert*.

Admissibility Standards for Expert Testimony

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

A district court has substantial discretion to admit or exclude expert testimony at trial. *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (explaining that a district court's determination on the admissibility of expert testimony is reviewed for abuse of discretion). Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert testimony and give the district court "a gatekeeper function" to ensure that expert testimony is relevant and reliable. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021), cert. denied sub nom. *3M Co. v. Amador*, 142 S. Ct. 2731 (2022). Somewhat more specifically,

> Rule 702's screening requirement has been boiled down to a three-part test. First, the testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant. Second, the expert must be qualified to assist the finder of fact. Third, the testimony must be reliable or trustworthy in an evidentiary sense.

*In re Bair Hugger*, 9 F.4th at 777 (internal quotation marks and citations omitted). As to the first requirement, an expert's opinion lacks relevance if it does not fit the facts of the case. *McMahon v. Robert Bosch Tool Corp.*, 5 F.4th 900, 903 (8th Cir. 2021). On the other hand, "Rule 702 is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.' " *Perry*, 61 F.4th at 606 (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)).

As to the second requirement, a witness may be qualified as an expert by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Thus, an expert is qualified if for example the expert's degrees and training gave the expert competence for the subject area of the expert's testimony. *Perry*, 61 F.4th at 606. However, the Eighth Circuit Court of Appeals has also reiterated that " '[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility,' " and "the weight given to witness testimony is the province of the jury." Id. (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)).

The third requirement, reliability, involves consideration of several factors:

These factors are (1) whether the expert's theory or technique can be or has been tested, (2) whether the theory or technique has been subjected to peer review or publication, (3) the known or potential rate of error of the theory or technique, and (4) whether the technique or theory is generally accepted. Factors recognized since *Daubert* include whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying. *In re Bair Hugger*, 9 F.4th at 777 (internal quotation marks omitted). "[A] district court may exclude expert testimony if it finds 'that there is simply too great an analytical gap between the data and the opinion proffered.' " *Id*. at 777–78

4

(quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). A district court may exclude an expert's opinion if it is 'so fundamentally unsupported' by its factual basis 'that it can offer no assistance to the jury.' " *Id*. at 778 (quoting *Loudermill v. Dow Chem. Co*., 863 F.2d 566, 570 (8th Cir. 1988)). On the other hand, the "general rule" is that "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." *Id*. at 778.

It is also wise to keep in mind that *Daubert* and its progeny "call for the liberal admission of expert testimony." *In re Bair Hugger*, 9 F.4th at 777. Thus, "the rejection of expert testimony is 'the exception rather than the rule.' " *Perry*, 61 F.4th at 606 (quoting *Robinson*, 447 F.3d at 1100). Finally, the Supreme Court has said, and the Eighth Circuit has reiterated, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means' of addressing 'shaky but admissible evidence.' " *In re Bair Hugger*, 9 F.4th at 778 (quoting *Daubert*, 509 U.S. at 596). With these standards in mind, the Court turns to consideration of the motions challenging experts.

**Dale Berry**

Plaintiff has designated Dale Berry to provide "a prosthetic life costs plan for Plaintiff's future prosthetic needs." Plaintiff points to Mr. Berry's qualifications: Mr. Berry is a certified and licensed prosthetist and Fellow of the

5

American Academy of Orthotics and Prosthetics, with over 40 years of experience. He has authored numerous articles and guest lectured at national and international scientific symposia. He has been tasked by the United States government to establish policy and procedure to treat American soldiers who were injured in Afghanistan resulting in amputations, as well as to establish a prosthetic clinic in Afghanistan to treat victims that lost limbs due to land mines. He further established and served as clinical director for a clinic in Haiti to treat thousands of amputees that lost limbs in the 2010 earthquake.  Mr. Berry has prepared over 5,000 prosthetic life costs plans, testifying in excess of 1,000 times for both plaintiff and defense.

     Defendant seeks to disqualify Mr. Berry because he is not a medical doctor, he has not actually seen Plaintiff, nor has he discussed Plaintiff's needs with Plaintiff's treating provider. Plaintiff acknowledges Mr. Berry is not a medical doctor but argues Mr. Berry's testimony relates to the design and delivery of prosthetic care, rather than a medical opinion. Indeed, as Plaintiff argues, there is no dispute Plaintiff's arm was amputated; Mr. Berry's opinion is detailed and based on Plaintiff's medical records, documentation, photographs. He applies these to his opinions based on his extensive background, education, and training. Defendant's issues with Mr. Berry's opinion will be fully subject to cross examination. Defendant's Motion is denied.

**Paul Lewis**

According to Plaintiff, Paul Lewis, Jr., a biomedical engineer, was retained and designated to provide testimony regarding (1) Plaintiff's occupant kinematics in the accident, the deformation profile of the Volvo, Plaintiff's seatbelt use and the injuries resulting in his left arm amputation, and; 2) whether Plaintiff's injuries resulting left arm amputation would have occurred had there been a safety feature in place to prevent his arm from being ejected through the driver's side window of the Volvo VNL, such as a side curtain airbag or alternative window glazing.

The Court agrees with Defendant that Mr. Lewis is not qualified to testify in this matter. Although Plaintiff argues Mr. Lewis is not going to testify regarding the design of safety features, rather, focused on whether the use of the design would have prevented Plaintiff's injuries. However, as Defendant correctly points out, Mr. Lewis's expertise is limited to evaluating the forces imparted to the human body in collisions and evaluating the injuries caused by those forces. Mr. Lewis is not qualified to discuss any alternative design which would have prevented Plaintiff's injuries; he relies on another expert's opinion for his opinion. As such, his opinions do not satisfy the *Daubert* and 702 standards of scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or to determine a fact in issue. It is undisputed that Plaintiff suffered amputation and that this injury occurred because of the rollover

7

accident. Whether an alternative design would have prevented the injury is not an opinion Mr. Lewis is qualified to render. Defendant's Motion to Exclude Mr. Lewis will be granted.

**Stan Smith**

Defendant seeks to exclude Dr. Stan Smith, Plaintiff's designated economist, arguing Dr. Smith lacks the qualifications to render an opinion regarding Plaintiff's future earnings capacity. Defendant argues Dr. Smith cannot render a medical opinion nor give an opinion absent consulting with a medical professional or a vocational rehabilitation expert. Defendant urges Dr. Smith is not qualified to provide an opinion that Plaintiff is disabled.

Plaintiff argues Defendant mischaracterizes Dr. Smith's role and opinion. Rather than opining Plaintiff is disabled, Dr. Smith assumes the fact of disability and analyzes Plaintiff's future earnings based on that assumption, and presumably evidence from other sources, and the information provided by Plaintiff himself regarding his previous earnings and what he perceives he will be able to do.

Courts in the Eighth Circuit have consistently recognized that the assumptions underlying an economist's report on future lost wages go to the weight and credibility of the expert's opinions, not their admissibility. *Washam v. BNSF Ry. Co.*, No. 3:19-CV-00231 KGB, 2020 WL 5880133, at *22 (E.D. Ark. Oct. 2, 2020), on reconsideration in part, No. 3:19-CV-00231 KGB, 2022 WL 989037 (E.D. Ark.

8

Mar. 31, 2022), citing, *Vanskike v. ACF Indus., Inc.*, 665 F.2d 188, 211–12 (8th Cir. 1981) (recognizing that economist's assumptions go to weight of evidence and not admissibility); *Taenzler v. Burlington N.*, 608 F.2d 796, 798 n.3 (8th Cir. 1979) (same); *Streit v. Halverson*, No. 17-4225-CV-WJE, 2018 WL 3763811, at *5 (W.D. Mo. Aug. 8, 2018) (same). Indeed, at least one court in the Eighth Circuit has specifically concluded that an economist's testimony on future lost wages, future earning capacity, and lost household services was admissible and that any disputes with the factual underpinnings of her testimony go to the credibility of the testimony, not its admissibility. *Cowden v. BNSF Ry. Co.*, 980 F. Supp. 2d 1106, 1123 (E.D. Mo. 2013) (citing *David E. Watson*, 668 F.3d at 1014). The Court makes the same conclusion here. Accordingly, the Court denies Defendant's motion to exclude the expert opinions of Dr. Smith.

**Stephen Batzer**

Plaintiff has designated Stephen Batzer to testify as to the design of the side window system of the semi-truck. Dr, Batzer opines regarding alternative designs which would have been economically and technologically feasible and would have prevented the loss of Plaintiff's arm during the rollover.

Defendant objects to Dr. Batzer because his experience is with passenger cars and not semi-trucks.

As Plaintiff summarizes, Dr. Batzer is a practicing forensic engineer, with expertise in mechanical engineering, materials science and material failure mechanisms, and vehicle crashworthiness. He has been an engineer for over 35 years, specializing as a forensic engineer and failure analyst for over 20 years, having investigated hundreds of accidents and product failures. He received his bachelor's degree in mechanical engineering, his master's degree in manufacturing systems engineering, and his Ph.D. in Mechanical Engineering-Engineering Mechanics. He is a licensed Professional Engineer and a board-certified Forensic Engineer and Fellow of the National Academy of Forensic Engineers, as well as a member of various professional associations, including the American Society of Mechanical Engineers, the National Society of Professional Engineers, and the Society of Automotive Engineers. Dr. Batzer spent over a decade of his career teaching engineering at the collegiate level through 5 separate universities.

Dr. Batzer has authored over 70 peer-reviewed publications which are based on his research, analysis and testing, which includes many publications on vehicle glass and vehicle crashworthiness in rollover accidents. He has also served as a technical reviewer for various peer-reviewed engineering publications, and made contributions to the National Highway Safety Traffic Safety Administration's crashworthiness docket. He has been providing expert

testimony in federal and state court regarding vehicle crashworthiness since June of 2005, giving sworn testimony on over 250 occasions providing expert forensic engineering analysis, including over 500 cases involving vehicle crashworthiness.

Defendant does not explain to the Court why it believes Dr. Batzer's experience only with passenger vehicles as opposed to semi-trucks is disqualifying. Dr. Batzer's opinion relates to the type of glass in the side window and alternative designs which would, in his opinion, prevented Plaintiff's injury. Defendant fails to explain how Dr. Batzer's opinion based on extensive study and research is not reliable in this action because his experience is based on passenger windows rather than semi-truck windows. Such an argument is appropriately challenged through cross examination, not exclusion. Defendant's Motion to Exclude Dr. Batzer will be denied.

## Conclusion

Based upon the foregoing discussion,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Exclude Dale Berry, [Doc. No.'s 229] is denied.

**IT IS FURTHER ORDERED** that Defendant's Renewed Motions to Exclude Paul Lewis, [Doc. No. 231] is granted.

**IT IS FURTHER ORDERED** that Defendant's Renewed Motion to Exclude Dr. Stan Smith, [Doc. No. 233] is denied.

11

**IT IS FURTHER ORDERED** that Defendant's Renewed Motion to Exclude Dr. Stephen Batzer, [Doc. No. 235] is denied.

Dated this 26th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE