UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOBIE ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV214 HEA |
| | ) |
| TRANS LINES, INC., et al., | ) |
| | ) |
| Defendants, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider, [Doc. No. 205]. Defendant Volvo Group North America, LLC opposes the Motion. for the reasons set forth below, the Motion will be denied.

The Court previously entered an Opinion, Memorandum and Order, finding under Missouri Conflict of Law analysis that North Carolina law applies to the issues in this case. See Opinion, Memorandum, and Order dated July 14, 2023.

Plaintiff requests that the Court reconsider its prior Opinion, Memorandum and Order. The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999)). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the

1

judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted).

Fed. R. Civ. P. 59(e) permits the Court to rectify its own mistakes immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Thus, a Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir.2013).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 121 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Under either standard, Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's Opinion, Memorandum, and Order. Plaintiff does not argue that the Court's prior Opinion was manifestly erroneous. Plaintiff merely urges that the Court should conduct a conflict of laws analysis with regard to comparative fault/contributory negligence.

The July 14, 2023 Opinion discussed the applicable law regarding conflicts. The analysis applies to all issues and defenses, Plaintiff's strained arguments notwithstanding, Plaintiff has not shown that the Court's Memorandum and Order or Judgment was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff's Motion to Reconsider will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, [Doc. No. 205], is **denied**.

Dated this 31st day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE