UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOBIE ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV214 HEA |
| | ) |
| TRANS LINES, INC., et al., | ) |
| | ) |
| Defendants, | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Volvo Group North America, LLC's Amended Motion for Summary Judgment, [Doc. No. 268]. Plaintiff has filed an opposition to the Motion. Defendants have filed a reply. For the reasons set forth below, the Motion is denied.

### **Facts and Background**

This matter involves a truck roll-over accident on August 15, 2020, which occurred in Warren County, Missouri. Plaintiff alleges personal injuries arising from a single vehicle rollover accident while Plaintiff was operating a 2020 Volvo truck with attached trailer on Interstate 70 in Warren County.

There is one remaining cause of action asserted against VGNA in the Second Amended Complaint: Count I – Negligence. Plaintiff's negligence claim asserts Defendant breached its duty to exercise reasonable care in the design,

1

testing, manufacture, and sale of the subject semi-truck "in that it acted unreasonably in designing the product, deleting standard active safety feature, and failing to adopt safer, practical, feasible and otherwise reasonably available designs that could then have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the vehicle." Specifically, Plaintiff asserts negligence in: (1) failing to equip the subject semi-truck with crash avoidance technology; (2) failing to equip the subject semi-truck with a seat belt pretensioner and/or automatically retracting seat; (3) failing to equip the subject semi-truck with laminated side window glass; and/or rollover/side curtain airbag; (4) failing to provide adequate warnings of the lack of crash avoidance technology and adequate passive restraint system; and (5) failing to provide adequate testing and/or inspection to ensure the vehicle was suited for its intended purpose.

None of Plaintiff's experts have asserted or testified to a manufacturing defect in the subject semi-truck. None of Plaintiff's experts will opine that the lack of crash avoidance technology in the semi-truck at issue was in any way causative of the subject accident. Plaintiff's expert Dr. Stephen Batzer will not offer any causation opinions regarding the lack of a seat belt pretensioner/automatically retracting seat technology, i.e., "RollTek" technology.

The use of tempered glass in the front door side window of the subject semi-truck is expressly permitted under the applicable FMVSS 205. Using tempered glass in the front door side windows of the 2020 Volvo VNL 760 tractor truck meets all standards, regulations, and performance requirements. No Class 8 heavy truck in North America is manufactured with laminated side window glass. No United States manufacturer has implemented both laminated side glass and modified window frame designs in moveable side windows in tractor trucks for purposes of ejection mitigation. Federal Motor Vehicle Safety Standard ("FMVSS") 205, the window glazing standard applicable to Class 8 heavy trucks (including the subject semi-truck), does not mandate the implementation or usage of laminated glass in the side door windows of Class 8 trucks, and permits the usage of tempered glass. The tempered front side door window glass in the subject semi-truck complied with FMVSS 205. No regulation or standard mandates North American Class 8 truck manufacturers implement and use laminated side glass for purposes of ejection mitigation. Defendant's expert testified that the tempered side window glass is not a defect in the subject semi-truck.

No Class 8 heavy truck in North America is manufactured with side curtain airbags. Federal Motor Vehicle Safety Standards related to side curtain airbag

implementation do not apply to Class 8 heavy trucks, including the subject semi-truck. No regulation or standard mandates North American Class 8 truck manufacturers implement and use side curtain airbags for purposes of ejection mitigation.

Side body-mounted rollover-activated airbags cannot prevent complete or partial ejection in all circumstances. RollTek is a rollover protection system offered as an option for heavy trucks, including Volvo trucks, which supplements the protection of a properly worn three-point seatbelt. RollTek was an available option in 2020 Volvo VNL truck-tractors but was not chosen by the customer when the subject semi-truck was specified and ordered. RollTek's seat mounted side airbag does not limit or alter the position of a driver's left arm and has no demonstrated ability to reduce or limit potential of partial ejection. No regulation or standard mandates North American Class 8 truck manufacturers implement and use the RollTek technology for purposes of ejection mitigation.

Just before the accident, Plaintiff and the subject semi-truck travelled out of the right-hand lane and across the solid white line on the right side of the road and across the rumble strips on that side of the road. Plaintiff then tried to pass a van which was traveling in front of him in the right-hand lane by moving to the left-hand lane to then try to pass the van on the van's left. The subject semi-truck was travelling at a speed of 71.5 mph when it moved into the left travel lane, while the

4

posted speed limit of that portion of Interstate 70 was 70 mph. As Plaintiff tried to overtake the van, which was in the right lane, Plaintiff drove the subject semi-truck over the yellow line on the far side of the left lane, going over the rumble strips to the left side of the roadway. Plaintiff then corrected the truck and brought it back into the left-hand lane. As Plaintiff got closer to overtaking the van, which was in the right lane, Plaintiff again crossed the yellow line to the left of the left lane and went over the rumble strips on the left side of the highway. The subject semi-truck was travelling at a speed of 72 mph at that time. The subject semi-truck then went off the highway and onto the grass in the median. The subject semi-truck was travelling at a speed of 72.7 mph at that time. Plaintiff attempted to drive the subject semi-truck back onto the highway where it then rolled on its side.

     Corporal Jeffrey S. Graue of the Missouri State Highway Patrol reported to the scene of the accident and investigated the cause of the accident. Corporal Graue's investigation concluded that Plaintiff caused the rollover by failing to maintain his lane of traffic. Corporal Graue concluded as part of his investigation that Plaintiff was traveling westbound in the left lane when he went off the left side of the roadway, came back onto the roadway, overturned, and began to slide back off the roadway.

     Plaintiff's accident reconstruction expert, Thomas Green, was not asked to

determine the cause of the rollover accident and will not be providing any opinions as to the cause of the roll-over. Defendant's expert reconstructionist, Michael Arnett, opines that the accident is consistent with inattentive driving by Plaintiff Ali. Mr. Arnett testified that he has no opinion as to what Mr. Ali was doing or looking at the time that the vehicle's left front tire interacts with the left rumble strip in the second before it departs the paved surface. Arnett also opines that had Plaintiff Ali maintained his position on the road, the rollover accident would not have occurred.

Defendant's biomechanical expert, Dr. Jarrod Carter, will opine that the rollover accident was caused by Plaintiff Ali driving off the road and into the median and then overcorrecting to get back on the road.

Plaintiff has produced no evidence showing Defendant VGNA acted with fraud, malice, or willful conduct.

VGNA knew at the time it designed the VNL platform that certain of its VNL semi-trucks may be involved in accidents, including rollover accidents. VGNA did not equip the VNL, as a standard feature, with an inflatable curtain airbag or inflatable tubular structure.

The Heavy Truck Crashworthiness publication in 2014 stated "side curtain airbags offer side impact protection and ejection mitigation benefits to passenger car occupants. In heavy trucks, side curtain airbags could be a potential

6

countermeasure in rollover events to reduce ejection through the side window and provide lateral head protection."

Prior to the manufacture of the Subject VNL, VGNA had not undertaken to design or develop a side curtain airbag for use in the VNL, and VGNA did not equip the Subject VNL with a side curtain airbag.

VGNA introduced the RollTek seat into the VNL product line in 2012 model year. One of the safety features that VGNA developed to protect drivers from arm injuries in nearside rollover accidents is the RollTek seat. VGNA did not equip the Subject VNL with the RollTek seat.

VGNA chose to make use of tempered glass in the side window of the VNL. FMVSS 205 does not mandate the implementation or usage of laminated glass in the side door windows of Class 8 trucks and permits the usage of tempered glass. No regulation or standard mandates North American Class 8 truck manufacturers implement and use laminated side glass for purposes of ejection mitigation. If tempered glass is broken, it offers no resistance to occupant ejection, as there is nothing there.

During Swedish impact testing undertaken in the development of the VNL cab, the laminated glass windshield remained in place, but the tempered side glass side window broke out and vacated the opening.

VGNA is familiar with laminated glass, making use of it in the VNL for its

7

windshield and skylight for 25 years.

VGNA has not engaged in any full-scale ramp or curve testing of the VNL. There was no federal law or regulation that prevented VGNA from using laminated glass in the side windows of the VNL platform. Laminated glass is allowed in the side window of vehicles pursuant to FMVSS 205 and ANSI Z26.1.

One of the provisions of FMVSS 205 is "to minimize the possibility of occupants being thrown from the vehicle windows in collisions." The use of laminated glass in automobiles predates the three-point seatbelt. Laminated glass has been in use in automobiles since the 1920's. Laminated glass has been used in automobile side windows since the 1930's.

In the 1990's and throughout the subsequent years, an increasing number of manufacturers have offered optional or standard laminated side windows. As of the 2020 model year, automotive manufacturers were making use of laminated glass in side windows of certain vehicles.

There was nothing that prevented VGNA from designing or implementing laminated glass in the side windows of the VNL platform. VGNA has not evaluated the cost of utilizing laminated glass in the side windows of the VNL platform.

According to VGNA's expert, citing NHTSA, the cost to adopt alternative window glazing is $96-$158 per car. This does not include all of the developmental costs that a manufacturer would have to take into account.

VGNA made Volvo Active Driver Assist a standard feature on VNL tractors as of the beginning of 2017. VGNA decided to make Volvo Active Driver Assist standard on the VNL platform despite the fact that it was not required by any federal law or regulation. The Subject VNL was not equipped with Volvo Active Driver Assist. Blind spot warning is a component of Volvo Active Driver Assist.

**Standard of Review**

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id*.

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those

9

facts. *Id*. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. Id. But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id*. In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## Discussion

Defendant agues Plaintiff's negligence per se and failure to use reasonable care in operating the semi-truck were proximate causes of his injuries, which bar recovery under North Carolina law. Plaintiff argues Defendant's semi-truck was negligently designed by failing to, among other things, include a laminated driver's side window. Plaintiff urges that had the semi-truck had a laminated window, Plaintiff's arm would not have broken out the window which allowed Plaintiff's

10

arm to extend through it allowing it to be injured. Plaintiff argues the negligent design of the truck was the proximate cause of his *injuries*, even though his actions may have caused the accident, which actions Plaintiff further argues were foreseeable by Defendant.

Under North Carolina law, there may be more than one proximate cause of an injury. When two or more proximate causes join and concur in producing an injury, the tortfeasors are jointly and severally liable. *See Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 566-67 (1984). In *Hairston*, a motorist ended up on the side of the road when the tires on his new car came off while he was driving, apparently because the car dealer had failed to tighten the new tires sufficiently. While the motorist was standing on the side of the road, a truck driver negligently struck the motorist. The motorist sued the truck driver and the car dealer. The car dealer moved for judgment as a matter of law based on the contention that the proximate cause of the accident was the truck driver, not the tire problem. However, the North Carolina Supreme Court held that the truck driver's negligence did not insulate the prior negligence of the car dealer as a matter of law.

As established by the North Carolina Supreme Court in *Hairston*, "[t]he well-settled rule in this jurisdiction is that except in cases so clear that there can be no two opinions among men of fair minds, the question should be left for the jury

to determine whether the intervening act and the resultant injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act." *Hairston,* 310 N.C. at 238, 311 S.E.2d at 567

Thus, the Court finds that factual questions remain. As such, summary judgment is not proper.

### Conclusion

Based upon the foregoing, summary judgment will not be entered. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion for Summary Judgment, [Doc. No. 268], is **DENIED**.

Dated this 31st day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE