UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROOBIE ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV214 HEA |
| | ) |
| TRANS LINES, INC., et al., | ) |
| | ) |
| Defendants, | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Volvo Group North America, LLC s Motion to Reconsider, [Doc. No. 281]. Plaintiff opposes the Motion for the reasons set forth below, the Motion will be granted in part and denied in part.

The Court previously entered an Opinion, Memorandum and Order, finding under Missouri Conflict of Law analysis that North Carolina law applies to the issues in this case. See Opinion, Memorandum, and Order dated July 14, 2023.

On May 31, 2024, the Court denied Defendant's Amended Motion for Summary Judgment. Defendant now requests that the Court reconsider this Opinion, Memorandum and Order.

Fed. R. Civ. P. 59(e) permits the Court to rectify its own mistakes immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Thus, a Rule 59(e) motion serves the limited

1

function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir.2013).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 121 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Defendant argues the Opinion does not address the precise legal issue present in this case, to wit, the effect of Plaintiff's contributory negligence for his own injuries under the North Carolina Product Liability Act. Section 99B-4(3) provides:

No manufacturer or seller shall be held liable in any product liability action if… (3) The claimant failed to exercise reasonable care under the

2

      circumstances in the use of the product, and such failure was a proximate cause of the occurrence that caused the injury or damage complained of.

N.C. Gen. Stat. § 99B-4(3).  Thus, in North Carolina, contributory negligence is a complete bar to recovery in products liability claims. *Id*. *Nicholson v. Am. Safety Util. Corp.*, 488 S.E.2d 240, 244 (N.C. 1997). A claimant is contributorily negligent if he "failed to exercise reasonable care under the circumstances in his use of the product, and such failure was a proximate cause of the occurrence that caused the injury or damage complained of." § 99B-4(3); *Nicholson*, 488 S.E.2d at 244 ("[A] plaintiff is contributorily negligent when he fails to exercise such care as an ordinarily prudent person would exercise under the circumstances in order to avoid injury." (emphasis omitted)). A claimant may be contributorily negligent if his conduct ignores product warnings or other "unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety." *Smith v. Fiber Controls Corp.*, 268 S.E.2d 504, 507 (N.C. 1980).

      Defendant bears the burden of showing contributory negligence. *Atkins v. Moye*, 176 S.E.2d 789, 793 (N.C. 1970). Whether a claimant exercised reasonable care is a question of fact for the jury that is "rarely appropriate for summary judgment." *Nicholson*, 488 S.E.2d at 244. "If there is more than a scintilla of evidence that plaintiff is contributorily negligent, the issue is a matter for the jury, not for the trial court." *Cobo v. Raba*, 495 S.E.2d 362, 365 (N.C. 1998).

*Walls v. Ford Motor Co.*, No. 1:20-CV-98, 2022 WL 582611, at *3–4 (M.D.N.C. Feb. 25, 2022).

> Two elements, at least, are necessary to constitute contributory negligence: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury.... There must be not only negligence on the part of the plaintiff, but contributory negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action.

*Scheffer v. Dalton*, 777 S.E.2d 534, 541 (N.C. App. 2015)(quoting *Ellis v. Whitaker*, 576 S.E.2d 138, 141 (N.C. App. 2003)). "Since contributory negligence is an affirmative defense, the burden is on the defendant to prove more than a scintilla of evidence supporting each element of this defense to survive a motion for [summary judgment, directed verdict, or JNOV]." *Ellis*, 576 S.E.2d at 141. *Lively v. Reid*, No. 1:20-CV-119-MOC-WCM, 2022 WL 138691, at *7 (W.D.N.C. Jan. 14, 2022).

> A North Carolina Appellate Court very recently addressed the issue:
>
> Here, [Defendant] contends that [Plaintiff] was contributorily negligent by failing to operate his electric scooter with reasonable care while riding in a bicycle lane, at a high speed, at night, and with limited visibility. See *Clark*, 263 N.C. at 343, 139 S.E.2d 593 ("Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury."). "Only where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted." *Nicholson v. Am. Safety Util. Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240 (1997).

*   *   *   *   *   *   *

4

> For instance, it may be that a jury would determine that [Plaintiff] would have suffered the same fate had he been on a bicycle traveling fifteen miles per hour rather than an electric scooter traveling that same speed. In sum, viewed in the light most favorable to [Plaintiff], the forecasted evidence fails to show whether [Plaintiff's] injury was proximately caused by the scooter's headlamps or by riding an electric scooter in a bicycle lane, rather than a bicycle. See *Nicholson*, 346 N.C. at 774, 488 S.E.2d 240 ("Issues of contributory negligence, like those of ordinary negligence, are ordinarily questions for the jury and are rarely appropriate for summary judgment").

*Saad v. Town of Surf City*, No. COA24-10, 2024 WL 5131057, at *4 (N.C. Ct. App. Dec. 17, 2024).

Plaintiff argues Defendant is not entitled to summary judgement because, regardless of any contributory negligence on his part, the proximate cause of his injury was the allegedly defective window that allowed his arm to exit the vehicle. In other words, but for the defective window, Plaintiff would not have suffered the injury to his arm. Whether Plaintiff's contributory negligence was the proximate cause of his injury remains a question of fact to be determined by the fact finder.

The Opinion, Memorandum, and Order did not address the issue of punitive damages. Defendant is correct that the issue should be addressed at this time.

> Under North Carolina law, " '[p]unitive damages may be awarded only if the claimant proves' that either fraud, malice, or '[w]illful or wanton conduct' occurred and related to the injury." *Estate of Long v. Fowler*, 378 N.C. 138, 150, 861 S.E.2d 686 (quoting N.C.G.S. § 1D-15(a)). As our Supreme Court has explained: " '[w]illful or wanton conduct' means more than gross negligence and is defined as 'the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm.' " Id., 378 N.C. 138, 150, 861 S.E.2d at 150–51 (quoting N.C.G.S. § 1D-5).

5

Defendants seek dismissal of Plaintiff's claims for gross negligence and punitive damages, arguing that Vista has failed to offer evidence that Defendants engaged in reckless, intentional, willful, or wanton conduct. At most, Defendants argue, Vista's evidence—consisting of Defendants "doing nothing, failing to advise, and failing to follow up"—is not evidence of willfulness or wantonness and instead only gives rise to a claim in simple negligence. The Court agrees.

As discussed above, Vista has offered sufficient evidence to support its claims sounding in negligence. Our Supreme Court has held, however, that the difference between ordinary negligence and gross negligence is "substantial" and "is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others." *Yancey*, 354 N.C. at 53, 550 S.E.2d 155.

While "[n]egligence, a failure to use due care, be it slight or extreme, connotes inadvertence ... [w]antonness ... connotes intentional wrongdoing." *Id.* (emphasis in original.) "An act or conduct moves beyond the realm of negligence when the injury or damage itself is intentional." *Id.* (emphasis in original.)

Although Vista attempts to build its claims for gross negligence and punitive damages on a series of speculative inferences based on Defendants' alleged failures to perform and what Vista contends are Cheng's repeated lies and evasions, the Court cannot conclude from this evidence, and the reasonable inferences permitted therefrom, that Defendants intended, expected, knew, or should have known that their conduct would cause the injury or damage that Vista alleges. Nor can the Court otherwise conclude from this record that Defendants acted willfully, wantonly, intentionally, or with reckless or conscious disregard for or indifference to Vista's rights. Further, contrary to Vista's contention, the Court cannot conclude that Plaintiff's evidence reflects "a repeated course of conduct [by Defendants] which constituted a callous or intentional indifference to the plaintiff's rights" as in *Potts v. KEL, LLC*, 2021 NCBC LEXIS 100, *34 (N.C. Super. Ct. Nov. 5, 2021) (quotations omitted). Rather than engage in "a repeated course of conduct" as in *Potts*, the Court concludes that the evidence, when viewed in the light most favorable to Vista, shows only that Defendants failed to advise Vista about the Wayfair decision after it was issued and to recognize the sales tax liability the decision imposed on Vista thereafter.

6

> While a jury certainly might find Defendants negligent on the evidence of record here, Vista has not offered sufficient evidence of Defendants' reckless, intentional, willful, or wanton conduct to permit its claims for gross negligence or punitive damages to proceed to a jury at trial. Accordingly, the Court shall grant this aspect of Defendants' Motion and dismiss Vista's claims for gross negligence and punitive damages. See, e.g., *Archie v. Durham Pub. Schs. Bd. of Ed.*, 283 N.C. App. 472, 478, 874 S.E.2d 616 (2022) ("A plaintiff must come forward with particular evidence of gross negligence to overcome summary judgment."); *Robinson v. Duke Univ. Health Sys.*, 229 N.C. App. 215, 239, 747 S.E.2d 321 (2013) (affirming dismissal of punitive damages claim under Rule 56 where plaintiffs failed to "present any evidence that defendants' conduct in this case was willful, wanton, malicious, or fraudulent").

*Vista Horticultural, Inc. v. Johnson Price Sprinkle*, PA, No. 23 CVS 1594, 2024 WL 4213739, at *8–9 (N.C. Super. Sept. 17, 2024).

Plaintiff presents no evidence to establish Defendant's actions were willful and wanton. While Plaintiff argues Defendant has known "since its developmental testing the risks presented by its tempered glass side window; of the propensity of the tempered glass breaking and creating a portal in that side window; that trucks would be involved in accidents, including rollover accidents; of the risks to drivers from ejection in rollovers; of National Highway Traffic Safety Administration's recommendation to improve safety (a side curtain airbag); and of the benefits of laminated glass in preserving the glass in place notwithstanding impact or fracture. Despite this knowledge, it chose to do nothing—it did not even study these safety features for the VNL," Plaintiff presents no evidence to establish any such knowledge rises to the level of wanton conduct. Defendant was in no way required

7

to install laminated glass under industry standards and the fact that rollover accidents "occur" fails to rise to the level of willful and wanton conduct.

## Conclusion

Based upon the foregoing, the issue of whether Plaintiff's actions were the proximate cause of his injuries is a question of fact which precludes summary judgment.

Plaintiff has failed to establish Defendant's failure to install laminated glass on the side windows of the tractor trailer constitutes willful and wanton behavior allowing for punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, [Doc. No. 281], is denied in part and granted in part.

**IT IS FURTHER ORDERED** that Plaintiff's request for punitive damages is stricken.

Dated this 17th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Case: 4:21-cv-00214-HEA   Doc. #:  285   Filed: 01/17/25   Page: 9 of 9 PageID #: 4877

9