UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROOBIE ALI,                                )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        Case No. 4:21CV214 HEA
                                           )
TRANS LINES, INC., et al.,                 )
                                           )
        Defendants,                        )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider and

Vacate the Court's January 26, 2024 Order excluding Expert Paul Lewis, [Doc.

No. 430]. Defendant Volvo opposes the Motion. For the reasons set forth below,

the Motion is denied.

In the January 26, 2024 Opinion, the Court set out the standards for

admission or exclusion of opinion testimony pursuant to Rule 702 and *Daubert v.*

*Merrell Dow Pharms., Inc.* 509 U.S. 579 (1993).

It is well-established that an expert witness cannot rely on another expert

without employing his own methodology or analysis under *Daubert.*

*Simon v. Select Comfort Retail Corp.*, No. 4:14-CV-1136 JAR, 2016 WL 160643,

at *4 (E.D. Mo. Jan. 14, 2016) ("Rule 703 does not permit an expert to simply

"parrot" the opinions of other experts."); *Hill v. Fikes Truck Line, LLC*, No. 4:11-

1

CV-816, 2012 WL 5258753, at *3 (E.D. Mo. October 24, 2012)(excluding expert opinion because it adopted "wholesale the opinion of another expert" and was not based on the expert's own application or analysis).

The Court found Mr. Lewis not qualified to discuss any alternative design which would have prevented Plaintiff's injuries and that he relies on another expert's opinion for his opinion. Plaintiff once again offers Mr. Lewis as an expert for the opinion that  "Mr. Ali's injuries resulting in his left arm amputation would not have occurred had there been a safety feature in place to prevent his arm from being ejected such as a side curtain airbag or an alternative glazing that remained in place throughout the driver side quarter-roll sequence." This is precisely the opinion the Court excluded based on Mr. Lewis' expertise. Plaintiff presents nothing new in his Motion to Reconsider, he merely claims Defendant mischaracterizes the nature of Mr. Lewis' opinions. This position was set out by Plaintiff in the original motion to exclude and nothing Plaintiff now argues presents anything new which would require reconsideration of the Court's Opinion excluding Mr. Lewis.

Nowhere in his supplemental opinion does Mr. Lewis establish anything other than what he sought to discuss in his original opinion. Plaintiff may not use Dr. Batzer's opinion to vouch for, or bolster the testimony of, Mr. Lewis.

Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider and Vacate the Court's January 26, 2024 Order excluding Expert Paul Lewis, [Doc. No. 430], is **DENIED**.

Dated this 31st day of July, 2026

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3